# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

FLOYD ROBINSON                                                                          PLAINTIFF

V.                                                                              NO. 1:10CV328-A-A

DALPH BRYANT, et al.                                                                   DEFENDANTS

## MEMORANDUM OPINION

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983. The court finds that Plaintiff has failed to state a claim upon which relief may be granted and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

In the complaint, the Plaintiff complains that he is being threatened by other inmates and is asking that the court ordered him transferred to a different facility until his trial. The Plaintiff, however, does not offer any detail of these purported threats. Instead he refers to the dates and to whom he has complained. Also, the Plaintiff has failed to mention any physical injury.

### Failure to Protect

"The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). The Fifth Circuit has stated that "the 'deliberate indifference' standard [is] the proper standard to apply in the context of convicted prisoners who claim[] denial of medical care or the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). This standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."*Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994).

Based on the conclusory allegations of the complaint, the Plaintiff has failed to state a claim. He has mentioned no threat specific to him. Nor has he identified any person or group that responsible for the threat. As best the court can glean from the pleadings, the Plaintiff faces no great

threat of danger or physical harm than is not shared by all other inmates. In short, the Plaintiff cannot maintain a claim for failure to protect.

## No Right to Particular Housing

To the extent the Plaintiff is seeking to be transferred, it is well settled that inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). A prisoner's classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). There are no extreme circumstances presented by the facts of this case. Accordingly, the Plaintiff has failed to state a claim upon which relief may be granted.

## No Injury

Finally, *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). The absence of serious injury, while relevant to the inquiry, does not preclude relief. *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L. Ed. 2d 156 (1992).

In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimis*, but need not be significant. *See id.*; *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*)

Here the Plaintiff has not alleged any injury. In fact, the Plaintiff states absolutely no injury at all. *Taylor v. Milton*, No. 04-60569, 2005 WL 352637 at * 1, (5th Cir. 2005) (no 1983 claim for

2

damages where guards confiscated legal work at gunpoint, where prionser did not allege a physical injury). Since Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state a claim for an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Furthermore, the Plaintiff did not allege any facts that would render the likelihood of a future injury more than a speculative possibility. He has, therefore, failed to state a valid claim for injunctive relief. *Taylor*, at *1.

## No Constitutional Violation

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (citing 28 U.S.C. § 2254(a) (1982)); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the Constitution has not been implicated by the facts of this case. The allegations of the complaint are insufficient to state a claim for failure to protect. Since he has not alleged any physical injury, he may not recover compensatory damages for emotional distress. Similarly, the Plaintiff has no right to any particular housing assignment. In the absence of the impingement of a constitutional right, the Plaintiff's complaint must be dismissed as failing to state a cause of action upon which relief may be granted.

Therefore, this cause will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. A final judgment shall issue in accordance with this opinion.

THIS the 25th day of January, 2011.

/s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**